# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARL A. BOGGS, III and LEAH BOGGS,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, and BLUE OPTIONS PPO,<br><br>Defendants. | Case No. 2:20-cv-00632-DBB-CMR<br><br>**DECLARATION OF SHERRY R. DAWSON** |

I, Sherry R. Dawson, hereby declare and state as follows:

1. I am over the age of twenty one, and am fully competent to testify about the facts set forth in this declaration, each of which is based upon my personal knowledge and experience or a review of the business records of Blue Cross and Blue Shield of North Carolina ("Blue Cross NC")

2. I am currently employed by Blue Cross NC as Senior Counsel. I have held this position for at least the last ten years. I have been employed by Blue Cross NC since 2001 as a lawyer in various positions in the Legal Department.

3. Through my duties as Senior Counsel, I am familiar with the corporate structure of Blue Cross NC and with its operations. I am also familiar with Blue Cross NC's business as its relate to fully insured and self-funded employee benefit plans that receive healthcare coverage

through a Blue Cross NC insurance product, including an employee health benefit plan for employees of Boggs Paving, Inc. ("Boggs Paving").

## Blue Cross NC's Business and Operations

4. Blue Cross NC is a fully taxed, not-for-profit corporation formed and organized under the laws of North Carolina with its corporate headquarters in Durham, North Carolina. Blue Cross NC is an independent licensee of the Blue Cross and Blue Shield Association, which is an association of independent Blue Cross and Blue Shield Plans.

5. None of Blue Cross NC's employees, offices, facilities, bank accounts, assets, and operations are in Utah. Blue Cross NC is licensed to do business only in North Carolina.

6. Blue Cross NC offers a variety of health benefit plans for North Carolinians, including individual and family plans, Medicare plans, and business plans for large and small employer groups. Employers who select a business plan can also contract with Blue Cross NC to provide administrative and claims processing services for their business plans.

7. For every benefit plan that Blue Cross NC administers, Blue Cross NC makes benefit determinations for and pays approved claims from North Carolina or through vendors, none of whom are located in Utah. Blue Cross NC does not make any benefit determinations or perform any benefit plan administration in Utah.

8. Through employer health benefit plans insured or administered by Blue Cross NC, Blue Cross NC provides members with access to contracted provider networks. Blue Cross NC does not contract with any providers located in Utah.

9. Blue Options in Blue Cross NC's largest provider network that covers all 100 counties of North Carolina. In establishing a business plan with access to Blue Options, employers can select the Blue Options PPO, Blue Options 1-2-3, Blue Options HRA, or Blue Options, HAS.

Members and beneficiaries of a health plan that is covered under a Blue Options product receive benefits that are provided for in the Benefit Booklet applicable to the product selected by their employer.

### The Boggs Paving Employee Health Benefit Plan

10. On May 2, 2017, Boggs Paving of Monroe, North Carolina entered into a Group Contract with Blue Cross NC for Blue Cross NC to insure the employee health benefit plan offered to employees of Boggs Paving ("Boggs Plan").

11. Of the 85 members and beneficiaries covered under the Boggs Plan, 61 reside in North Carolina and 24 reside in South Carolina. None reside in Utah.

12. The Group Contract was made, executed, and delivered in North Carolina and is governed by North Carolina law, except to the extent preempted by federal law.

13. Pursuant to the terms of the Group Contract, Boggs Paving is the plan sponsor for the Boggs Plan and Blue Cross NC agreed to provide member benefits in accordance with the attached Benefit Booklet that gave members and beneficiaries access to Blue Options 1-2-3.

14. For the Boggs Plan, Blue Cross NC has never:

    a. received premiums from anyone in Utah;

    b. had a participant submit claims for treatment received in Utah;

    c. sent any benefit payments to Utah;

    d. reviewed or denied any claims for services provided in Utah

    e. negotiated or entered into any third-party administration contracts with a party in Utah; or

    f. entered into any contracts in Utah.

3

15. Blue Cross NC was not aware of and did not certify or pre-approve the treatment at issue in this litigation.

### Inconvenience to Blue Cross NC of Litigating in Utah

16. As stated, Blue Cross NC has no connections with and does no business in Utah.

17. All of Blue Cross NC's regular outside counsel are located in North Carolina. These attorneys have a working knowledge of Blue Cross NC's business.

18. Blue Cross NC only hired counsel in Utah because local counsel is required to appear on Blue Cross NC's behalf before the United States District Court for the District of Utah.

19. To defend this litigation in Utah, Blue Cross NC is having to pay two law firms: its North Carolina counsel that is better able to represent Blue Cross NC's interests because of its knowledge of Blue Cross NC's operations and practices *and* local counsel to appear before this Court.

20. To the extent in-person hearings or proceedings are held before this Court, Blue Cross NC will be billed for the cost of its North Carolina counsel to travel to Utah to appear on its behalf.

21. To the extent any Blue Cross NC witnesses will need to testify in this litigation, they are Blue Cross NC employees who are located in North Carolina. The following people who are possible witnesses in this matter, all are Blue Cross NC employees, located in North Carolina:

   a. Adonna McFall, Director of Appeals and Grievances;

   b. Frances Phillips, Account Manager;

   c. Joaquin Davis, Manager Corporate Compliance; and

   d. Carol Jones, Manager Healthcare Program Development and Management.

Other possible witnesses may be employees of former Blue Cross NC vendor, Magellan Behavioral Health, who are also not located in Utah.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 19, 2021

*Sherry R. Dawson*
Sherry R. Dawson (Feb 19, 2021 10:11 EST)

Sherry R. Dawson *

---

\* Original signature page is maintained at the office of Defendant's counsel.