IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARL A. BOGGS, III and LEAH BOGGS, <br><br> Plaintiffs, <br><br> vs. <br><br> BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, and BLUE OPTIONS PPO, <br><br> Defendants. | Civil Action No. 1:22-CV-00084 |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants Blue Cross and Blue Shield of North Carolina ("Blue Cross NC") and Blue Options PPO ("PPO")[1] respectfully submit this reply brief in support of their Motion to Dismiss the Second Amended Complaint (Doc. 53).

## INTRODUCTION

Defendants established in their opening brief that (1) Plaintiffs' Second Amended Complaint ("SAC") fails to state a claim for denial of benefits because Plaintiffs neither allege that they sought PRIOR REVIEW and CERTIFICATION (collectively, the "PRIOR REVIEW requirement") nor facts that would plausibly suggest Leah suffered an EMERGENCY that

---

[1] As stated in Defendants' opening brief, Plaintiffs have named "Blue Options PPO" as a defendant. The PPO is an insurance product, not an entity capable of being sued. Blue Cross NC nevertheless files this reply on behalf of all Defendants.

would excuse the PRIOR REVIEW requirement, and (2) the PPO is not a proper defendant because it is an insurance product and not an entity capable of being sued. In their response, Plaintiffs barely contest Defendants' first argument (that no plausible EMERGENCY existed where Plaintiffs waited at least a month and a half before getting treatment for Leah), instead asserting that Defendants purportedly waived the PRIOR REVIEW requirement. Plaintiffs also persist in naming the PPO as a defendant and again argue they named the wrong defendant as the result of a misnomer. Without further explanation, Plaintiffs insist the PPO is a proper defendant and again argue that they should be permitted yet another opportunity to amend the SAC to sue the actual ERISA plan established by Mr. Boggs's employer (though they failed to do so in any of their previous amendments). Plaintiffs' arguments have no merit.

*First*, Plaintiffs distort the facts alleged and rely on an incomplete recitation of documents that are integral to the SAC in arguing that Defendants waived the PRIOR REVIEW requirement. As the SAC and documents integral to the SAC show, Plaintiffs are simply incorrect that Defendants waived the PRIOR REVIEW and EMERGENCY issues. As alleged in the SAC, Blue Cross NC sent Plaintiffs three Explanations of Benefits ("EOBs"), each explaining that Blue Cross NC denied coverage for lack of prior authorization. Blue Cross NC, through Magellan Behavioral Health ("Magellan"), which coordinates inpatient mental health and substance abuse services for the Boggs Paving Plan, then affirmed the denial of coverage because it was "unable to authorize" the coverage retrospectively. As

2

such, Blue Cross NC continuously relied on the lack of prior authorization from the failure to satisfy the PRIOR REVIEW requirement as justification for denying coverage.

*Second*, Plaintiffs never explain how the PPO is a proper defendant, but instead ignore their prior admissions that the PPO is not a proper party and rely on *ipse dixit* to insist the PPO is a proper defendant. Plaintiffs also fail to explain why they should be allowed to file a fourth complaint to name the Boggs Paving, Inc. Plan (the "Boggs Paving Plan"), which is a fully insured plan. Even if Plaintiffs had brought a separate motion to amend, as required by LR 7.3(a), Plaintiffs have not shown good cause to amend, where they have repeatedly failed to cure this deficiency and the amendment would be futile because the Boggs Paving Plan, as a fully insured plan, is also an improper defendant. Accordingly, the Court should dismiss the SAC with prejudice.

## ARGUMENT

Plaintiffs' arguments to avoid dismissal of their SAC fall short on two grounds. First, Blue Cross NC and Magellan consistently relied on the lack of PRIOR REVIEW and authorization as the justification for denying coverage. Second, Plaintiffs neither explain how the PPO is a proper defendant nor establish good cause to allow them to amend their complaint for a third time where they have repeatedly failed to cure this deficiency and amending the SAC to include the Boggs Paving Plan would be futile.

### I. Blue Cross NC Consistently Relied on the Lack of PRIOR REVIEW and Authorization as the Basis for Denying Coverage.

Defendants' opening brief established that Plaintiffs' sole claim for benefits should be denied because Plaintiffs do not allege that they ever sought PRIOR REVIEW and never

3

plausibly plead the existence of an EMERGENCY. (Doc. 54 at 7-13.) In response, Plaintiffs conclusorily state that "Plaintiffs did plead facts pertaining to their failure to pre-certify" (Doc. 58 at 6), but never explain how it is plausible that an EMERGENCY can go untreated for at least a month and a half. This conclusory argument is insufficient.

Plaintiffs next argue that Defendants effectively waived the PRIOR REVIEW requirement by engaging in a retrospective review in which Blue Cross NC, through Magellan, determined that Leah's treatment was not medically necessary. (Doc. 58 at 6-9.) However, Plaintiffs misconstrue and ignore the contents of documents that are integral to the SAC, which reveal that Blue Cross NC's rationale for the denial was consistent. Magellan's letter upholding the denial, which the SAC quotes extensively, stated Leah's treatment was not medically necessary and concluded that Magellan was "unable to authorize" the treatment retrospectively.

Plaintiffs allege that each of the three EOBs that Blue Cross NC sent to Plaintiffs explained that Blue Cross NC denied coverage because the services were "provided without authorization," i.e., Plaintiffs failed to obtain PRIOR REVIEW. (Doc 52 ¶ 22; Doc. 58 at 3, ¶ 4.) Plaintiffs then allege that, on December 13, 2018, Mr. Boggs submitted to Blue Cross NC a document referred to as a "level-one member appeal," in which he "argued that his plan offered retrospective reviews in cases of emergency, and requested a retrospective review of Leah's treatment" at Open Sky. (Doc. 52 ¶ 23; Doc. 58 at 3, ¶ 5.) The SAC seemingly attempts to allege that Leah's situation constituted an EMERGENCY

4

that arose when, in May of 2017, Leah was arrested for a felony assault charge. (Doc. 52 ¶¶ 1-17, 23.)

The Boggs Paving Plan allows retrospective reviews for its plan members to challenge a denial of benefits for lack of PRIOR REVIEW. Under the Boggs Paving Plan, such retrospective reviews (1) "may include a review" to see if a situation constituted an EMERGENCY, and (2) must include a determination of whether services were a MEDICAL NECESSITY. (Doc. 37-1 at 51.)[2] Services that are the subject of a retrospective review "could be denied for MEDICAL NECESSITY or for a benefit limitation or exclusion." (*Id.* at 52 (emphasis added).) Here, Blue Cross NC, acting through Magellan, upheld the denial of benefits following the retrospective review, explaining through a letter that Magellan determined that Leah's treatment was not medically necessary. (Doc. 52 ¶¶ 27-28) Specifically, the letter affirmed that Blue Cross NC was "unable to authorize" Leah's treatment retrospectively. *See* March 5, 2019 Notice of Adverse Benefit Determination, attached as Exhibit 1, at 2.[3] As the plain language of the notice makes clear, a lack of

---

[2] Citations to the Benefit Booklet are to the document's internal pagination.

[3] While Plaintiff did not attach this notice to the SAC, the Court may fairly consider it as it is integral to Plaintiffs' claims, quoted in the SAC, and foundational to Plaintiffs' opposition argument. On a motion to dismiss, a court may consider materials outside the complaint "if those documents are integral to the complaint and authentic," and may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Solum v. Certainteed Corp.*, 147 F. Supp. 3d 404, 409 (E.D.N.C. 2015) (citation omitted). Indeed, "the court may also disregard allegations in a complaint if contradicted by facts established in … documents that are central to a plaintiff's claim even though not referenced." *Pierce v. Ocwen Loan Svcing*, No. 1:06CV00147, 2006 WL 1994571, at *2 (M.D.N.C. July 14, 2006).

*authorization* remained the reason for the denial, which was the same reason that Blue Cross NC used in the EOBs: "Service provided without authorization." (*Compare* Ex. 1 at 2, *with* Doc 52 ¶ 22; Doc. 58 at 3, ¶ 4.)

Plaintiffs further allege that they later filed a "second-level member appeal" on August 29, 2019. (Doc 52 ¶ 37.) Therein, Plaintiffs appealed Magellan's adverse determination in the retrospective review by arguing Leah's treatment was medically necessary. (*Id.* ¶ 38.) Although Plaintiffs never allege the outcome of this appeal, Magellan's determination of this issue belies any notion that Blue Cross NC waived the PRIOR REVIEW requirement. In response to Plaintiffs' second submission, Blue Cross NC, again acting through Magellan, upheld the adverse benefit determination because it was "unable to authorize" Leah's treatment as stated in a notice of adverse benefit determination to Plaintiffs dated September 9, 2019, which is attached hereto as Exhibit 2, at 2.[4] As in the retrospective review and the EOBs, this second notice reiterated that the lack of *authorization* for Leah's treatment was the denial rationale. (*Compare* Ex. 2 at 2 *with* Doc 52 ¶ 22; Doc. 58 at 3, ¶ 4.)

Therefore, Blue Cross NC consistently relied on the lack of prior authorization to deny benefits for Leah's treatment. In arguing otherwise, Plaintiffs misconstrue or ignore their own allegations and relevant portions of the documents they rely on in the SAC.

---

[4] Although Plaintiffs did not plead the outcome of their appeal, there can be no dispute that the outcome of that appeal is integral to their claim for denial of benefits. *See, e.g., Solum,* 147 F. Supp. 3d at 409 (explaining that a court may consider documents "integral" to the complaint on a Rule 12(b)(6) motion).

6

Plaintiffs would also have the Court treat Blue Cross NC's determination that services were not medically necessary in a retrospective review as a waiver of the PRIOR REVIEW and authorization requirement. But this argument lacks any meaningful support as demonstrated by Plaintiffs' reliance on inapposite authority that stands for the proposition that, in a denial of benefits case, the Court cannot consider arguments that were not made in the prelitigation appeals process. (Doc. 58 at 2 n.1; *id.* at 7 n.19; *id.* at 8 n.21.)[5] But, here, as shown by Plaintiffs' own allegations and documents that are integral to the SAC, Plaintiffs' failure to satisfy the PRIOR REVIEW requirement was raised in the first denial of benefits (the EOBs) and maintained throughout the administrative process.

In sum, Blue Cross NC consistently relied on the lack of PRIOR REVIEW and authorization to deny coverage for Leah's treatment. This is not, therefore, a case where Blue Cross NC is raising a ground not addressed in the administrative process. The Court should not be swayed by Plaintiffs' attempt to dodge an unambiguous plan limitation that

---

[5] Because Defendants raised the PRIOR REVIEW requirement in the administrative process, Plaintiffs' cited authority has no bearing here, as each case discussed whether evidence or arguments not raised in the administrative process could be considered. *Voliva v. Seafarers Pension Plan*, 858 F.2d 195, 196-97 (4th Cir. 1988) (affirming denial of benefits where the plaintiff introduced the evidence outside of the administrative record); *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers, Inc.*, 32 F.3d 120, 125 (4th Cir. 1994) (affirming summary judgment for the plan where the district court refused to consider information not before the plan administrator in the administrative process); *Henderson v. Unum Life Ins. Co. of Am.*, 736 F. Supp. 100, 104 (D.S.C. 1989) (stating generally that the court's review is limited to the administrative record but not otherwise addressing the issue), *aff'd*, 900 F.2d 252 (4th Cir. 1990); *Ceasar v. Hartford Life & Acc. Ins. Co.*, 947 F. Supp. 204, 207 (D.S.C. 1996) (refusing to allow the plaintiff to present new evidence that was not before the plan administrator in the administrative process).

entitles Plaintiffs to no benefits where PRIOR REVIEW was not sought, and should instead dismiss Plaintiffs' SAC for failure to state a claim.

### II. Plaintiffs Fail to Explain How the PPO Is a Proper Defendant and Have Not Shown Good Cause for Further Amending the Complaint.

In their opening brief, Defendants established that neither the PPO nor the Boggs Paving Plan, a fully insured plan, is a proper defendant. (Doc. 54 at 13-14.) Plaintiffs' response asserts, without any legal or factual support, that the PPO is a proper defendant.[6] (Doc. 58 at 9-11.) They then argue that even if the PPO is not a proper defendant, they should be allowed to amend the complaint to name the Boggs Paving Plan. (*Id.*) Both of Plaintiffs' positions fail.

First, Plaintiffs never develop any argument about how the PPO is a proper defendant, instead relying only on *ipse dixit*: "Plaintiffs maintain that Blue Options PPO is a proper Defendant in this case."[7] (Doc. 58 at 9.) This conclusory assertion is insufficient.[8] Indeed, "it is not the court's job to undertake the analysis and legal research needed to support … perfunctory arguments." *Williams v. Estates LLC*, No. 1:19-CV-1076, 2022 WL 3226659, at *2 (M.D.N.C. Aug. 10, 2022) (citation omitted). Considering Defendants'

---

[6] Plaintiffs do not even address that their actual ERISA plan – the Boggs Paving Plan – is an improper ERISA defendant because it is a fully insured plan (Doc. 54 at 14), which Plaintiffs previously acknowledged (Doc. 15 at 15).

[7] Blue Cross NC agrees with Plaintiffs that self-funded Plans may be proper defendants in some circumstances. *See Kinsinger v. Smartcore, LLC*, No. 3:17-cv-00643-FDW-DCK, 2018 WL 3114535, at *2 (W.D.N.C. June 25, 2018). But the PPO is not an ERISA plan as it is only an insurance product and is thus not an entity capable of being sued.

[8] In fact, Plaintiffs previously stated that they did "not care if [the PPO] is dismissed or not." (Doc. 41 at 13.)

8

well-developed argument regarding why the PPO is an improper defendant (*see* Doc. 54 at 13-14), Plaintiffs have waived any contrary argument.

Second, Plaintiffs should not be allowed to amend the complaint to name the Boggs Paving Plan. As an initial matter, it is improper to attempt to include a motion seeking relief in an opposition brief. LR 7.3(a); *see Dubon v. Jaddou*, No. 1:22CV447, 2022 WL 16949734, at *1 n.1 (M.D.N.C. Nov. 15, 2022), *appeal filed* (No. 22-2280). Even if Plaintiffs had properly moved to further amend the SAC, motions to amend a complaint should be denied where there has been "a repeated failure to cure deficiencies" or amendment would be futile. *Googerdy v. N.C. Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005). Defendants repeatedly established in their first two motions to dismiss that the PPO is an improper defendant. (Doc. 7 at 22; Doc. 38 at 12-13.) Rather than naming the correct ERISA plan, Plaintiffs now claim Defendants' refusal "to provide Plaintiffs with a better name as the placeholder for 'the Plan'" caused their repeated errors. (Doc. 58 at 2; *see also id.* at 10 (explaining Plaintiffs would name the Boggs Paving Plan "once Defendants provide the official plan name").) But Plaintiffs have always had access to the Boggs Paving Plan documents that show the correct plan name. (*See* Doc. 37-1 at 2.). Yet, even after twice amending their complaint, Plaintiffs still fail to name the Boggs Paving Plan.

Plaintiffs' characterization of their repeated failures to name the Boggs Paving Plan as a "misnomer" is grossly incorrect. (Doc. 58 at 10.) A misnomer occurs when a plaintiff sues the proper defendant, but misspells the name. *See Kroiss v. Cincinnati Ins. Cos.*, No.

9

1:19-CV-1183, 2020 WL 5821047, at *1 n.1 (M.D.N.C. Sept. 30, 2020) (calling plaintiff's misspelling of a defendant's name a misnomer). A misnomer is distinct from a situation where, as here, a plaintiff sues an entirely different defendant. *See Dempsey v. Shoe Show, Inc.*, No. C-77-302-WS, 1978 WL 13916, at *6-7 (M.D.N.C. Oct. 17, 1978) (stating plaintiff's naming of an incorrect entity with a similar name was not a misnomer).

Accordingly, Plaintiffs' reliance on *United States v. AH Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947), is misplaced. There, the Circuit Court held that the plaintiff should have been allowed to amend its complaint to correct its misspelling of the defendant's name where the correct defendant was before the court. *Id.* at 873-74. The court reasoned that "[u]nder modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed." *Id.* at 874. The facts of this case bear no resemblance to *AH Fischer*. Here, the wrong defendant – the PPO – is before the Court and the Boggs Paving Plan is not. Plaintiffs have sued the wrong defendant, not simply committed a misnomer.

Apart from Plaintiffs' repeated failures to correct this error, an amendment to name the Boggs Paving Plan as a defendant would be futile. The Boggs Paving Plan, as a fully insured, i.e., not self-funded plan, that holds no funds and makes no benefits determinations, is an improper defendant. *See Milton v. Life Ins. Co. of N. Am.*, No. CV-12-BE-864-E, 2012 WL 2357800, at *1 (N.D. Ala. June 20, 2012) (holding that an ERISA benefits claim could not be brought against a fully insured plan where insurer had "decisional control over the Plaintiff's benefits claim"). Plaintiffs acknowledged long ago

that their ERISA plan is self-funded and that Blue Cross NC exercises decisional control over benefits claims under its insurance product.[9] (Doc. 15 at 15 ("[T]his is a small group plan that does refer to Boggs Paving as a 'Plan Sponsor' without Boggs Paving actually funding the Plan in the traditional, ERISA sense of that term.").) They thus acknowledge the facts establishing that the Boggs Paving Plan is an improper defendant. The Court should not allow Plaintiffs to amend their complaint again based on Plaintiffs' repeated failure to cure their complaints' deficiencies and where amendment would be futile.

Because Plaintiffs have repeatedly failed to cure deficiencies in their complaint – which has already extensively delayed this litigation – and any amendment would be futile, the Court should not allow Plaintiffs a third attempt to amend their complaint here, particularly where Plaintiffs have not filed a proper motion. Instead, the Court should dismiss the PPO with prejudice.

## CONCLUSION

For the reasons specified here and in Defendants' opening brief, the Court should grant Defendants' Motion to Dismiss the Second Amended Complaint. (Doc. 53.)

Respectfully submitted, this the 10th day of March, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Chad D. Hansen
Chad D. Hansen (NC Bar No. 32713)
Whitney R. Pakalka (NC Bar No. 52611)
1001 West Fourth Street

---

[9] Further, adding the Boggs Paving Plan likely falls outside the three-year statute of limitations for denial of benefits ERISA claims. *See Hyatt v. Prudential Ins. Co. of Am.*, No. 1:14-cv-00035-MR-DLH, 2014 WL 5530130, at *3 (W.D.N.C. Oct. 31, 2014).

11

Winston-Salem, NC 27101-2400
Telephone: 336-607-7397
Facsimile: 336-458-9421
chadhansen@kilpatricktownsend.com
wpakalka@kilpatricktownsend.com

*Attorneys for Defendant Blue Cross and Blue Shield of North Carolina and the Blue Options PPO*

# CERTIFICATE OF WORD COUNT

The undersigned attorney hereby certifies that this Brief complies with LR 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina with respect to its length. This Brief was created using Microsoft Word. Based upon the word count of Microsoft Word, this Brief contains less than 3,125 words exclusive of the caption, signature block, Certificate of Service and this Certification of Word Count.

Respectfully submitted, this the 10th day of March, 2023.

        KILPATRICK TOWNSEND & STOCKTON LLP

        /s/ Chad D. Hansen
        Chad D. Hansen (NC Bar No. 32713)
        Whitney R. Pakalka (NC Bar No. 52611)
        1001 West Fourth Street
        Winston-Salem, NC 27101-2400
        Telephone: 336-607-7397
        Facsimile: 336-458-9421
        chadhansen@kilpatricktownsend.com
        wpakalka@kilpatricktownsend.com

        *Attorneys for Defendant Blue Cross and Blue*
        *Shield of North Carolina and the Blue Options PPO*

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Laura Nielson
>G. ERIC NIELSON & ASSOCIATES
>4790 S. Holladay Blvd.
>Holladay, UT 84117
>lauranielson@ericnielson.com
>
>Caitlin H. Walton
>ESSEX RICHARDS, P.A.
>1701 S. Blvd.
>Charlotte, NC 28203
>cwalton@essexrichards.com
>
>*Attorneys for Plaintiffs*
>
>KILPATRICK TOWNSEND & STOCKTON LLP
>
>/s/ Chad D. Hansen
>Chad D. Hansen (NC Bar No. 32713)
>Whitney R. Pakalka (NC Bar No. 52611)
>1001 West Fourth Street
>Winston-Salem, NC 27101-2400
>Telephone: 336-607-7397
>Facsimile: 336-458-9421
>chadhansen@kilpatricktownsend.com
>wpakalka@kilpatricktownsend.com
>
>*Attorneys for Defendant Blue Cross and Blue Shield of North Carolina and the Blue Options PPO*